# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50915

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

FRED WILLIAM ROMERO, also known as Fred Romero,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CR-138-1

Before HIGGINBOTHAM, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Fred William Romero pleaded guilty to the receipt and possession of child pornography. The district court sentenced him to 135 months of incarceration. Romero appeals the sentence, arguing that the district court erred in applying the U.S.S.G. § 2G2.2(c)(1) cross reference and erred in sentencing him above the default statutory maximum term of imprisonment for possession of child pornography. We VACATE the sentence and REMAND.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50915

**I**

Fred Romero's relative inadvertently picked up a flash drive belonging to Romero while visiting at his home. The relative looked at the contents of the flash drive, and realized that it contained images of two female minors, in which the images were focused on the pubic area. The relative then notified law enforcement.

Soon thereafter, law enforcement executed a search warrant at Romero's home. The ensuing search revealed over 600 images of child pornography.[1] Romero's computer contained narratives he wrote detailing his sexual attraction to victim #1, his neighbor's nine year old granddaughter.[2] Romero later admitted to law enforcement that he masturbated to the images of victim #1.[3]

We are concerned here with two sets of images that Romero produced. Romero took the first set of pictures while victim #1 was sleeping in a dress and underwear.[4] The pictures show victim #1's dress pulled up around her waist and are zoomed in on victim #1's thigh and buttocks covered by underwear. Romero added sexually explicit captions on the images.

The second set of images was taken while victim #1 was swinging on a swing and reclining on a piece of jungle-gym equipment while wearing a dress.[5] In the pictures of victim #1 on a swing, her dress is slightly lifted by the wind, exposing the back of her thighs. In the pictures of victim #1 on a piece of jungle-gym equipment, victim #1 is in a natural pose, with her legs parted and her left leg slightly propped up, barely exposing her underwear. Romero then added sexually explicit captions on the images that detail the sexual acts he

---

[1] PSR ¶ 10.
[2] PSR ¶ 10.
[3] PSR ¶ 15.
[4] Ex. 7 & 8.
[5] Ex. 9-21.

desired to perform on victim #1 and attribute to victim #1 a desire to engage in sexual acts with Romero. In one of the images, Romero created a collage of pictures of victim #1 and added a sexually explicit caption.[6]

A grand jury indicted Romero with receipt and possession of child pornography under 18 U.S.C. § 2252A(a)(2) and (a)(5)(B).[7] Romero pleaded guilty to both counts.[8] At sentencing, the government asked the court to apply the cross reference contained in U.S.S.G. § 2G2.2(c)(1) and introduced exhibits containing the images Romero produced of victim #1.[9] Romero objected to application of the cross reference.[10] The district court applied the § 2G2.2(c)(1) cross reference, which resulted in an eight level enhancement and a guideline sentence range of 135–138 months of incarceration. The district court sentenced Romero to 135 months imprisonment on both counts, to run concurrently.[11] Romero timely appealed.

## II

We review a district court's application of the Sentencing Guidelines *de novo* and its factual findings for clear error.[12]

At issue here is the U.S.S.G. § 2G2.2(c)(1) cross reference, the application of which produces substantially longer guideline sentences—here, a guideline sentence that was 57–71 months longer because of the application of the cross reference. The substantial penalty associated with this cross reference rightly reflects congressional judgment that using children to engage in sexually

---

[6] Ex. 20.

[7] USCA5 29-31.

[8] USCA5 98 (rearraignment); USCA5 100-02 (factual basis).

[9] USCA5 130-34, 136.

[10] USCA5 148.

[11] USCA5 79, 155.

[12] *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012).

explicit conduct for the purpose of producing child pornography requires far more severe punishment than simple possession of child pornography.

The § 2G2.2(c)(1) cross reference applies where "the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct."[13]  The commentary explains that the cross reference

> is to be construed broadly and includes all instances where the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct[.][14]

"Sexually explicit conduct" includes, *inter alia*, the "graphic or simulated lascivious exhibition of the genitals or pubic area of any person."[15]

Whatever may be the pornographic content of the images of a child at play and asleep as recast by manipulation of the photographs, Romero's photography of the victims in no way used a minor to engage in sexually explicit conduct.  Put simply, Romero photographed the victim playing and sleeping, and did not photograph the victim engaging in sexually explicit conduct.  The resulting photographs, unconstructed and without their added captions, display no sexual conduct, real or simulated.  Accordingly, we must conclude that the district court clearly erred in applying the cross reference.[16]

---

[13] U.S.S.G. § 2G2.2(c)(1).

[14] U.S.S.G. § 2G2.2 cmt. n.5(A).

[15] U.S.S.G. § 2G2.2 cmt. n.5(B) ("'Sexually explicit conduct' has the meaning given that term in 18 U.S.C. § 2256(2)."); 18 U.S.C. § 2256(2)(B)(iii).

[16] The record indicates that the district court applied the § 2G2.2(c)(1) cross-reference and not the § 2G2.2(b)(5) enhancement.  Accordingly, we do not reach Romero's claim that the district court erred in applying the § 2G2.2(b)(5) enhancement.

No. 12-50915

For these reasons, we VACATE the sentence and REMAND for resentencing consistent with this opinion.[17]

---

[17] Because we vacate and remand for resentencing, we do not reach Romero's claim that the district court erred in sentencing him above the ten-year statutory maximum for possession.

No. 12-50915

STEPHEN A. HIGGINSON, Circuit Judge, dissenting:

This court has previously wrestled with the question of whether the term "sexually explicit conduct" requires that a minor affirmatively commit a sexual act. *See United States v. Carroll,* 190 F.3d 290 (5th Cir. 1999), *vacated in part, reinstated in part by* 227 F.3d 486 (5th Cir. 2000). The language of the guideline at issue here, when considered with its commentary, and the 18 U.S.C. § 2256(2) definition, is not entirely clear in this regard. Other circuits to consider the question in interpreting the substantially similar language of 18 U.S.C. § 2251(a) and § 2252(a)(4)(B) have not imposed such a requirement. *See United States v. Schuster*, 706 F.3d 800, 806-08 (7th Cir. 2013) (picture of minor in bathtub); *United States v. Johnson*, 639 F.3d 433, 438-41 (8th Cir. 2011) (surreptitious recording of minors weighing themselves in the nude); *United States v. Helton*, 302 F. App'x 842, 846-49 (10th Cir. 2008) (unpublished) (surreptitious recording of minor in the bathroom); *United States v. Horn*, 187 F.3d 781, 789-90 (8th Cir. 1999) (freeze-framed video of minors in swimsuit bottoms doing cartwheels on the beach); *United States v. Wolf*, 890 F.2d 241, 243-47 (10th Cir. 1989) (picture of minor sleeping while partially nude); *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987) ("The standard employed by the district court was over-generous to the defendant in implying . . . that the pictures would not be lascivious unless they showed sexual activity or a willingness to engage in it.").

In *United States v. Steen*—a § 2251(a) case in which the defendant surreptitiously recorded a minor at a tanning booth—this court did not adopt a *per se* rule requiring that the minor affirmatively commit a sexual act. *United States v. Steen*, 634 F.3d 822, 826-28 (5th Cir. 2011). Rather, the court applied six factors set forth in *United States v. Dost*, 636 F. Supp. 828, 832

6

(S.D. Cal. 1986)[1] and the ordinary meaning of "lascivious exhibition" to the depiction produced by the defendant. *Id.*; *see also United States v. Boudreau*, 250 F.3d 279, 283 (5th Cir. 2001); *United States v. Bevers*, 329 F. App'x 518, 519 (5th Cir.) (unpublished) (finding that the surreptitious recording of a minor showering depicted sexually explicit conduct), *cert. denied*, 558 U.S. 924 (2009). As described hereafter, I would follow this approach and conclude that whereas the images that Romero produced of victim #1 sleeping and swinging on a swing do not support application of the cross reference because they show victim #1's thighs and clothed buttocks and do not exhibit victim #1's genitals or pubic area, *see* 18 U.S.C. § 2256(2)(A)(v); *see also Johnson*, 639 F.3d at 438; by contrast, the images that Romero produced from pictures of victim #1 reclining on a piece of jungle-gym equipment support the district court's

---

[1] These factors include:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> 4) whether the child is fully or partially clothed, or nude;
>
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and]
>
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Steen*, 634 F.3d at 826 (quoting *Dost*, 636 F. Supp. at 832). This list "is not exhaustive, and no single factor is dispositive." *United States v. Grimes*, 244 F.3d 375, 380 (5th Cir. 2001). A determination of lasciviousness must be "based on the overall content of the visual depiction." *Dost*, 636 F. Supp. at 832.

application of the cross reference. In considering the overall content and composition of the images, I would conclude that the district court did not clearly err in finding that the images depict the lascivious exhibition of victim #1's pubic area.[2]

The first *Dost* factor is present as the focal point of the images is victim #1's pubic area. In several of the images, victim #1's pubic area is at the center and takes up most of the frame. *See, e.g., United States v. Overton*, 573 F.3d 679, 687 (9th Cir. 2009) ("The child's genitals are in the center of the picture and are thus the focal point of the image.").

The fourth factor is whether the child is nude or partially clothed. Lascivious exhibition does not require nudity. *Grimes*, 244 F.3d at 381. Nor does it require "that the contours of the genitals or pubic area be discernible or otherwise visible through the child subject's clothing." *Id.* (quoting *United States v. Knox*, 32 F.3d 733, 746 (3d Cir. 1994)). Although victim #1 is wearing a dress, the images are zoomed in under her dress. These images depict victim #1's pubic area covered only by underwear.

As to the sixth factor, the district court reasonably could have found that Romero designed and intended the images to elicit a sexual response in the viewer. The ways in which Romero produced and framed the images—taking the pictures at the moments when victim #1's pubic area was most exposed, zooming in on victim #1's pubic area under her dress, cropping the images around victim #1's pubic area, creating a collage of images of victim #1's pubic area, and superimposing sexually explicit captions—evidence this sexual intent. *See, e.g., Horn*, 187 F.3d at 790 ("By focusing the viewer's attention on

---

[2] As part of the factual basis for his plea, Romero admitted that "[t]he images and videos . . . defendant made involved the lascivious exhibition of the genitals and pubic area of Minor Victim #1."

the pubic area, freeze-framing can create an image intended to elicit a sexual response in the viewer."); *Carroll*, 190 F.3d at 298 ("[T]he totality of the circumstances, including the Defendants' photographing the child at close range with a still camera during the videotape, indicate that the video was intended to elicit a sexual response in the viewer."). The resulting images "cannot reasonably be compared to innocent family photos, clinical depictions, or works of art." *Johnson*, 639 F.3d at 439. The content and design of the images demonstrate that Romero intended the images to be sexual in nature.

The absence of the remaining *Dost* factors in this case is not dispositive. A visual depiction need not involve all six *Dost* factors to be lascivious. *See, e.g., Carroll*, 190 F.3d at 298; *see also Wolf*, 890 F.2d at 245; *Dost*, 636 F. Supp. at 832. Rather, as stated above, a determination of lasciviousness is "based on the overall content of the visual depiction." *Dost*, 636 F. Supp. at 832. The images are exhibitions of victim #1's pubic area and I would hold that the district court did not clearly err in finding these exhibitions lascivious.

This court has previously adopted the ordinary meaning of "lascivious exhibition" as "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *Steen*, 634 F.3d at 828 (quoting *Grimes*, 244 F.3d at 381). In my estimation, reviewing our case law and the record as described above, the images Romero designed and produced satisfy this definition. I therefore would affirm the district court's application of the cross reference.