STEPHEN A. HIGGINSON, Circuit Judge,
dissenting:
This court has previously wrestled with the question of whether the term “sexually explicit conduct” requires that a minor affirmatively commit a sexual act. See United States v. Carroll, 190 F.3d 290 (5th Cir.1999), vacated in part, reinstated in part by 227 F.3d 486 (5th Cir.2000). The language of the guideline at issue here, when considered with its commentary, and the 18 U.S.C. § 2256(2) definition, is not entirely clear in this regard. Other circuits to consider the question in interpreting the substantially similar language of 18 U.S.C. § 2251(a) and § 2252(a)(4)(B) have not imposed such a requirement. See United States v. Schuster, 706 F.3d 800, 806-08 (7th Cir.2013) (picture of minor in bathtub); United States v. Johnson, 639 F.3d 433, 438-41 (8th Cir.2011) (surreptitious recording of minors weighing themselves in the nude); United States v. Helton, 302 Fed.Appx. 842, 846-49 (10th Cir.2008) (unpublished) (surreptitious recording of minor in the bathroom); United States v. Horn, 187 F.3d 781, 789-90 (8th Cir.1999) (freeze-framed video of minors in *504 swimsuit bottoms doing cartwheels on the beach); United States v. Wolf, 890 F.2d 241, 243^17 (10th Cir.1989) (picture of minor sleeping while partially nude); United States v. Wiegand, 812 F.2d 1239, 1244 (9th Cir.1987) (“The standard employed by the district court was over-generous to the defendant in implying ... that the pictures would not be lascivious unless they showed sexual activity or a willingness to engage in it.”).
In United States v. Steen — a § 2251(a) case in which the defendant surreptitiously recorded a minor at a tanning booth — this court did not adopt a per se rule requiring that the minor affirmatively commit a sexual act. United States v. Steen, 634 F.3d 822, 826-28 (5th Cir.2011). Rather, the court applied six factors set forth in United States v. Dost, 636 F.Supp. 828, 832 (S.D.Cal.1986)[1] and the ordinary meaning of “lascivious exhibition” to the depiction produced by the defendant. Id.; see also United States v. Boudreau, 250 F.3d 279, 283 (5th Cir.2001); United States v. Bevers, 329 Fed.Appx. 518, 519 (5th Cir.) (unpublished) (finding that the surreptitious recording of a minor showering depicted sexually explicit conduct), cert, denied, 558 U.S. 924, 130 S.Ct. 331, 175 L.Ed.2d 218 (2009). As described hereafter, I would follow this approach and conclude that whereas the images that Romero produced
of victim # 1 sleeping and swinging on a swing do not support application of the cross reference because they show victim # l’s thighs and clothed buttocks and do not exhibit victim # l’s genitals or pubic area, see 18 U.S.C. § 2256(2)(A)(v); see also Johnson, 639 F.3d at 438; by contrast, the images that Romero produced from pictures of victim # 1 reclining on a piece of jungle-gym equipment support the district court’s application of the cross reference. In considering the overall content and composition of the images, I would conclude that the district court did not clearly err in finding that the images depict the lascivious exhibition of victim # l’s pubic area.[2]
The first Dost factor is present as the focal point of the images is victim # l’s pubic area. In several of the images, victim # l’s pubic area is at the center and takes up most of the frame. See, e.g., United States v. Overton, 573 F.3d 679, 687 (9th Cir.2009) (“The child’s genitals are in the center of the picture and are thus the focal point of the image.”).
The fourth factor is whether the child is nude or partially clothed. Lascivious exhibition does not require nudity. Grimes, 244 F.3d at 381. Nor does it require “that the contours of the genitals or pubic area *505 be discernible or otherwise visible through the child subject’s clothing.” Id. (quoting United States v. Knox, 32 F.3d 733, 746 (3d Cir.1994)). Although victim # 1 is wearing a dress, the images are zoomed in under her dress. These images depict victim # l’s pubic area covered only by underwear.
As to the sixth factor, the district court reasonably could have found that Romero designed and intended the images to elicit a sexual response in the viewer. The ways in which Romero produced and framed the images — taking the pictures at the moments when victim # l’s pubic area was most exposed, zooming in on victim # l’s pubic area under her dress, cropping the images around victim # l’s pubic area, creating a collage of images of victim # l’s pubic area, and superimposing sexually explicit captions — evidence this sexual intent. See, e.g., Horn, 187 F.3d at 790 (“By focusing the viewer’s attention on the pubic area, freeze-framing can create an image intended to elicit a sexual response in the viewer.”); Carroll, 190 F.3d at 298 (“[T]he totality of the circumstances, including the Defendants’ photographing the child at close range with a still camera during the videotape, indicate that the video was intended to elicit a sexual response in the viewer.”). The resulting images “cannot reasonably be compared to innocent family photos, clinical depictions, or works of art.” Johnson, 639 F.3d at 439. The content and design of the images demonstrate that Romero intended the images to be sexual in nature.
The absence of the remaining Dost factors in this case is not dispositive. A visual depiction need not involve all six Dost factors to be lascivious. See, e.g., Carroll, 190 F.3d at 298; see also Wolf, 890 F.2d at 245; Dost, 636 F.Supp. at 832. Rather, as stated above, a determination of lasciviousness is “based on the overall content of the visual depiction.” Dost, 636 F.Supp. at 832. The images are exhibitions of victim # l’s pubic area and I would hold that the district court did not clearly err in finding these exhibitions lascivious.
This court has previously adopted the ordinary meaning of “lascivious exhibition” as “a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer.” Steen, 634 F.3d at 828 (quoting Grimes, 244 F.3d at 381). In my estimation, reviewing our case law and the record as described above, the images Romero designed and produced satisfy this definition. I therefore would affirm the district court’s application of the cross reference.

. These factors include:
1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
4) whether the child is fully or partially clothed, or nude;
5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and]
6)whether the visual depiction is intended or designed to elicit a sexual response in the viewer.
Steen, 634 F.3d at 826 (quoting Dost, 636 F.Supp. at 832). This list "is not exhaustive, and no single factor is dispositive.” United States v. Grimes, 244 F.3d 375, 380 (5th Cir.2001). A determination of lasciviousness must be "based on the overall content of the visual depiction.” Dost, 636 F.Supp. at 832.

. As part of the factual basis for his plea, Romero admitted that "[t]he images and videos ... defendant made involved the lascivious exhibition of the genitals and pubic area of Minor Victim #1.”