# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30385
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY JEFFERSON BYRD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-274-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Following a jury trial, Gary Jefferson Byrd was found guilty of one count of possessing child pornography and one count of receiving child pornography. He was sentenced to serve 180 months in prison and a ten-year term of supervised release. Now, he argues that the evidence does not suffice to support his conviction because the items found in his possession do not constitute child pornography. In the alternative, he argues that he did not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

knowingly possess child pornography because he believed that the materials that led to his conviction did not qualify as such.  The Government argues that his knowledge argument is reviewed only for a manifest miscarriage of justice because he did not preserve it.  Byrd responds that the issue was properly preserved and, if it was not, then counsel rendered ineffective assistance.

Typically, we conduct a "de novo [review of] the district court's denial of a properly preserved motion for judgment of acquittal." *United States v. Fuchs*, 467 F.3d 889, 904 (5th Cir. 2006).  A challenge to the sufficiency of the evidence is conducted by analyzing "all evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Harris*, 740 F.3d 956, 962 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 135 S. Ct. 54 (2014).  When a challenge to the sufficiency of the evidence has not been preserved with a motion for judgment of acquittal, we review only for a manifest miscarriage of justice.  *United States v. Delgado*, 672 F.3d 320, 330-32 (5th Cir. 2012) (en banc).

We review both the direct and circumstantial evidence, as well as all reasonable inferences, in the light most favorable to the jury's verdict.  *United States v. Rose*, 587 F.3d 695, 702 (5th Cir. 2009).  In determining whether there is sufficient evidence to support a verdict, "this court asks only whether the jury's decision was rational, not whether it was correct." *United States v. Rodriguez*, 553 F.3d 380, 389 (5th Cir. 2008).  Thus, we accept "all credibility choices and reasonable inferences made by the trier of fact which tend to support the verdict." *United States v. Moreno-Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011) (internal quotation marks and citation omitted).

No. 14-30385

"The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *Fuchs*, 467 F.3d at 904 (internal quotation marks and citation omitted). "Juries are free to use their common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence." *United States v. Flores-Chapa*, 48 F.3d 156, 161 (5th Cir. 1995).

Our review of the record in light of these principles shows that the evidence suffices to uphold Byrd's convictions. Insofar as Byrd argues that the items underlying his conviction do not amount to child pornography, our review of the items in light of the *Dost*[1] factors refutes this assertion and shows no clear error in connection with the jury's apparent conclusion that these items contained a lascivious exhibition of children's genitalia. *See United States v. Steen*, 634 F.3d 822, 826-27 (5th Cir. 2011).

To the extent that Byrd argues that the evidence did not suffice to show that he did not knowingly possess child pornography because he believed that the disputed materials did not qualify as such, this argument gains no traction. Because this claim is unavailing under both the de novo and manifest miscarriage of justice standards, we apply the former and decline to decide the issue whether it should be reviewed under the latter. Because Byrd's ineffective assistance claim comes into play only if the manifest miscarriage of justice standard is applied, it will not be considered.

While the jury did hear Byrd's explanation of why he thought the items at issue were not child pornography, they were not obligated to believe it. *See Moreno-Gonzalez*, 662 F.3d at 372. The jury's decision to reject this

---

[1] *United States v. Dost*, 636 F. Supp. 828, 832 (S.D.Cal.1986).

3

explanation was rational, and we will not overturn its verdict.  *See Rodriguez*, 553 F.3d at 389.  The judgment of the district court is AFFIRMED.