# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20481

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

TROY RAY TRAWEEK,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-712-1

Before HIGGINBOTHAM, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Troy Traweek appeals his convictions for two counts of sexual exploitation or attempted sexual exploitation of children and one count of distribution of child pornography. Because we conclude that the evidence was sufficient to support Traweek's convictions, the judgment of the district court is affirmed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20481

I.

In October 2013, Homeland Security Investigations received information from an undercover agent with the Queensland, Australia Police Service investigating a child pornography sharing website known as Image Source. Troy Traweek engaged in explicit email chats with the agent and sent him two photos of nude, prepubescent females that appeared to have been taken by a hidden camera. One of the photos depicted a full frontal image of a nude prepubescent female in a bathroom and the other depicted the buttocks of a female child in a bedroom. Traweek told the agent the children were his eight- and six-year-old step-daughters[1] (S.J. and B.F., respectively) and sought advice on how to initiate sexual contact. Traweek also sent the agent a link to his Image Source account.

The investigation eventually led to a physical investigative search of Traweek's residence in Cypress, Texas on October 16, 2013. During this search, agents located videos of Traweek setting up the hidden cameras. Agents also located various items, i.e., computer, hard drives, cameras, flash drives, cellular telephones, etc., containing or used in producing child pornography and visual depictions of children engaging in sexually explicit conduct. Forensic investigators identified 77 videos and 143 digital images of child pornography on Traweek's computer and telephone. Under U.S.S.G. § 2G2.2, cmt. n.6(B)(ii), each video clip is the equivalent of 75 images, thus, the total number of images attributed to Traweek was 5,918. Agents also discovered a number of emails between Traweek and other individuals regarding the trading and/or sharing of child pornography.

Traweek stipulated to hiding the cameras, knowingly possessing the equipment, and knowingly producing and possessing the twelve videos and the

---

[1] The girls were the daughters of Traweek's live-in girlfriend.

No. 16-20481

still images taken from the videos of S.J. and B.F., that both girls were under twelve years of age, and that images had been mailed, shipped, or transported by means of interstate or foreign commerce or had been produced using material that had been mailed, shipped, or transported by means of interstate or foreign commerce. Traweek also stipulated that he knew Exhibit 5-3.8 was contained on his computer hard drive and that it is child pornography, a visual depiction of a prepubescent female engaging in sexually explicit conduct, i.e., performing oral sex on an adult male. Exhibit 5-3.8 was the subject matter of count four of the indictment. Traweek stipulated that Exhibits 5-3, 5-3.1 through 5-3.67, 6-1 and 6-1.1 through 6-1.65 are child pornography depicting sexually explicit conduct, but they were admitted over his objections. Traweek stipulated that all but 19 specific images are child pornography. With regard to the downloaded images Traweek claimed are not child pornography, it was established at trial that some of them have previously been identified as child pornography and used in trials of other defendants. As to the remaining images he downloaded from the internet of children other than S.J. and B.F., he acknowledged that the images are child pornography, but argued they were not relevant.

Traweek waived his right to a jury trial and a bench trial was conducted on August 3, 2015. The government called two witnesses, Deputy Nassar Foty of the Harris County Precinct 4 Constable's Office and Special Agent Jeffery Chappell, a computer forensic analyst assigned to the Cyber Investigation Group of Homeland Security Investigations. Foty had been assigned to the High Tech Crime Unit and the Internet Crimes Against Children's Task Force as an investigator at the time of the Traweek investigation.

Traweek did not call any witnesses at trial. Instead, at the close of the government's case-in-chief, Traweek moved for a judgment of acquittal on the production and distribution counts of the indictment under Rule 29 of the

No. 16-20481

Federal Rules of Criminal Procedure. The district court denied Traweek's motion and entered Findings of Fact and Conclusions of Law pursuant to Rule 23(c) of the Federal Rules of Criminal Procedure.

The district court's Findings of Facts and Conclusions of Law detailed the parties' four stipulations regarding facts and exhibits, the testimony of the Government's two witnesses, Foty and Chappell, and the evidence introduced. The district court also did a thorough analysis under the applicable law and determined that some of the images of B.F. and S.J. depicted lascivious exhibitions of genitalia and did constitute child pornography. The court convicted Traweek of counts one and two, production of child pornography, and count three, distribution of child pornography. Traweek had previously pleaded guilty to count four, possession of child pornography.

Traweek was sentenced to 180 months' imprisonment as to counts one, two and three, and 120 months as to count four, all concurrent, and lifetime supervised release. Thereafter, Traweek filed this appeal.

## II.

On appeal, Traweek asserts that the district court erred in denying his motion for judgment of acquittal as to counts one, two and three of the indictment because the government failed to prove beyond a reasonable doubt that the cropped still images taken from the surreptitious bathroom videos of S.J. and B.F. depicted minors engaging in sexually explicit conduct as required by 18 U.S.C. § 2251(a) and § 2256(8) and did not constitute prohibited child pornography under §§ 2256(8) and 2252A and *Ferber v. New York*, 458 U.S. 747, 774 n. 28 (1982).[2]

---

[2] Traweek asserts that no sexual abuse of the minors occurred under *Ferber* so as to remove First Amendment protection. However, there is no requirement that the minor affirmatively commit a sexual act or be sexually abused. *United States v. Steen*, 634 F.3d 822, 826-28 (5th Cir. 2011). Traweek also characterizes that the district court's decision as an acquittal in part on counts one through three. While the district court did conclude that

No. 16-20481

We review the denial of a motion for judgment of acquittal de novo. *United States v. Steen*, 634 F.3d 822, 825 (5th Cir. 2011). A Rule 29 motion for judgment of acquittal challenges the sufficiency of the evidence of conviction. *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998). We will uphold a conviction following a bench trial if it is supported by substantial evidence. *United States v. Shelton*, 325 F.3d 553, 557 (5th Cir. 2003).

We apply the clear error standard to the district court's factual findings, including the determination of whether an image presents a lascivious exhibition of the genitals of a minor. *Steen*, 634 F.3d at 826.

After careful consideration of the record, briefs and applicable legal authority, we conclude that the district did not err in denying the motion for judgment of acquittal for essentially the same reasons as set out in the district court's Findings of Facts and Conclusions of Law. Further, the evidence is sufficient to support Traweek's convictions for sexual exploitation of children under 18 U.S.C. § 2251(a), in counts one and two of the indictment, and for distribution of child pornography under 18 U.S.C. § 2252A(a)(2)(B) and (b)(1), in count three.

### III.

The judgment of the district court is AFFIRMED.

---

only some of the images constituted lascivious exhibitions of B.F. and S.J.'s genitals and are child pornography, there is no indication that Traweek was actually acquitted on any counts.