# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50991
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON LEE BENNETT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-252-1

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Jason Bennett appeals his conviction for production of child pornography in violation of 18 U.S.C. § 2251(a). He argues that the evidence was insufficient to establish that he "used" the minor to engage in "sexually explicit" conduct. *See* § 2251(a).

Bennett argues for the first time on appeal that the evidence did not support a finding by the district court that he "used" the minor to engage in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sexually explicit conduct.  Because this issue was not raised below, we will reverse only if the record is so "devoid of evidence pointing to guilt" that the conviction creates "a manifest miscarriage of justice."  *United States v. Ruiz*, 860 F.2d 615, 617 (5th Cir. 1988) (internal quotation marks and citation omitted).  The conduct proscribed in § 2251(a) is assessed by asking two questions: "Did the production involve the use of a minor engaging in sexually explicit conduct, and was the visual depiction a depiction of such conduct?" *United States v. Steen*, 634 F.3d 822, 826 (5th Cir. 2011).  With respect to the first question, "[a] person who videotapes or photographs a minor clearly 'uses' the minor for the purposes of the statute." *United States v. Barry*, 634 F. App'x 407, 411 (5th Cir. 2015); *Steen*, 634 F.3d at 826 (videotaping a minor is "using" a minor).  The uncontradicted testimony established that Bennett admitted to filming the minor in the video in question.  Therefore, the "use" element was sufficiently established by the evidence.  *See Barry*, 634 F. App'x at 411; *Ruiz*, 860 F.2d at 617.

Bennett additionally argues that the district court erred in finding that the conduct at issue was "sexually explicit," contending that the facts of his case are closer to those in *United States v. Gleich*, 397 F.3d 608, 614 (8th Cir. 2005).  At issue is only whether there was a lascivious exhibition of the minor's genitalia or pubic area, which is a factual finding reviewed for clear error.  *See Steen*, 634 F.3d at 825-26.  A factual finding is not clearly erroneous if it is "plausible in light of the record as a whole." *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016).   (internal quotation marks and citation omitted).  After application of the nonexhaustive factors set forth in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), we hold that the district court did not clearly err in determining that the conduct at issue was sexually explicit.  *See Steen*, 634 F.3d 825-26.  *Gleich* is inapposite insofar as the conduct

No. 18-50991

at issue therein involved taking pictures only of a minor's non-pubic area. *See* 397 F.3d at 614.

AFFIRMED.