# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-40273
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jake Delahney Taylor,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CR-23-1

_____

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Following a bench trial on stipulated facts, Jake Delahney Taylor was convicted of, *inter alia*: sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), (e); and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), (b)(1). (He pleaded guilty to two other related counts, but does not contest those convictions.)

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40273

First, Taylor renews his assertion made in district court that there was insufficient evidence to support the two convictions at issue because the surreptitiously recorded videos and images did not involve "lascivious exhibition" amounting to "sexually explicit conduct", as required by the statutes. *See* 18 U.S.C. § 2256(2)(A) (defining "sexually explicit conduct"). In that regard, he contends our court's test for "lascivious exhibition"—weighing the *Dost* factors—is overly expansive, and the D.C. Circuit's test is more in line with the statute. *See United States v. Hillie*, 39 F.4th 674, 684–90 (D.C. Cir. 2022). He correctly concedes his contention is foreclosed by our precedent but raises the issue to preserve it for possible further review. *See United States v. Steen*, 634 F.3d 822, 826–28 (5th Cir. 2011) (applying *Dost* factors); *United States v. McCall*, 833 F.3d 560, 563–64 (5th Cir. 2016) (concluding surreptitious recording of minor satisfied "lascivious exhibition" element).

Next, Taylor relatedly contends our court's *Dost* test for "lascivious exhibition" renders the statutes of conviction overbroad under the First Amendment because it allows for convictions based on images not depicting minors in a sex act. *See New York v. Ferber*, 458 U.S. 747, 764 (1982) (requiring visual depiction of sexual conduct); *United States v. Williams*, 553 U.S. 285, 297 (2008) (explaining "'[s]exually *explicit* conduct' connotes actual depiction of the sex act rather than merely the suggestion that it is occurring" (emphasis in original)). Review of his preserved as-applied and facial constitutional challenges is *de novo*. *See, e.g.*, *United States v. Arthur*, 51 F.4th 560, 568 (5th Cir. 2022). Our court, however, has previously rejected this contention. *E.g.*, *United States v. Mecham*, 950 F.3d 257, 263–67 (5th Cir. 2020) (refusing to limit First Amendment's categorical exclusion of child pornography to images depicting minors' criminal abuse); *United States v. Traweek*, 707 F. App'x 213, 215 n.2 (5th Cir. 2017) (citing *Steen*, 634 F.3d at

2

826–28) (rejecting assertion that *Ferber* requires "minor affirmatively commit a sexual act or be sexually abused").

Last, Taylor challenges, for the first time on appeal, two special conditions of his 10-year supervised release. The special conditions require him to, *inter alia*: "not possess and/or use computers or other electronic communications or data storage devices or media, without the prior approval of the probation officer"; and "not . . . access any Internet service during the length of [his] supervision, unless approved in advance in writing by the United States Probation Officer". He contends: the conditions, read literally, require him to obtain permission before each computer or Internet use for the term of his supervised release; and, therefore, the conditions are unreasonably restrictive. *See* 18 U.S.C. § 3583(d)(2) (requiring "no greater deprivation of liberty than is reasonably necessary").

Because Taylor did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Taylor must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Our court has held special conditions requiring a defendant to obtain prior approval for *each use* of an electronic device to access the internet are "unreasonably restrictive". *United States v. Naidoo*, 995 F.3d 367, 384 (5th Cir. 2021); *see also United States v. Sealed Juv.*, 781 F.3d 747, 756–57 (5th Cir. 2015). Pursuant to our precedent, and in the light of other unchallenged, imposed special conditions relating to the two at issue, we affirm Taylor's two special conditions, but subject to the interpretation that individual

No. 23-40273

approval is not required for each instance of usage under the two conditions. *See Naidoo*, 995 F.3d at 384 (affirming condition subject to similar construction); *Sealed Juv.*, 781 F.3d at 756–57 (same).

AFFIRMED.