UNITED STATES of America, Plaintiff,

v.

**Robert S. DOST and Edwin E. Wiegand, Defendants.**

**Crim. No. 86–0036–GT.**

United States District Court, S.D. California.

June 12, 1986.

Judith S. Feigin, Asst. U.S. Atty., San Diego, Cal., for plaintiff.

James M. McCabe, San Diego, Cal., for defendant Dost.

Michael J. McCabe, San Diego, Cal., for defendant Wiegand.

## VERDICT

GORDON THOMPSON, Jr., Chief Judge.

Defendants each have been indicted for alleged violations of 18 U.S.C. § 2251(a) (using a minor to engage in sexually explicit conduct for the purpose of producing

visual depictions of such conduct); 18 U.S.C. § 2252(a)(2) (knowing receipt or distribution of visual depictions of minor engaging in sexually explicit conduct); and 18 U.S.C. § 371 (conspiracy).

From the stipulated facts in this case, the Court makes the following findings. Both defendants induced, enticed, or used minor children for the purpose of producing visual depictions of those minors. Defendants took a series of pictures of two minors in June 1984. Of the 22 photographs admitted into evidence, 21 of them (Government's Exhibits 2a–10a, 12a–23a) are of one subject, a girl whom the defendants knew to be 14-years-old at the time the pictures were taken. These photographs were taken by both defendants at defendant Dost's residence where he had the nude girl assume various supine and sitting poses. The one other photograph (Government Exhibit 11a) is of a 10-year-old girl. The girl is nude and sitting on the beach. Defendant Dost had the girl pose for this picture, and defendant Wiegand took the photograph. The undeveloped film was then mailed to a photo processing company in Hollywood, California, and, after processing, was mailed back to the defendants. The stipulated facts establish that both defendants conspired, used minors as subjects of visual depictions knowing that the visual depictions would be mailed, and knowingly received visual depictions through the mail.

The critical issue in this case is whether the pictures depict the minors engaging in sexually explicit conduct as defined in 18 U.S.C. § 2255:

> For the purposes of this chapter, the term—
>
> .    .    .    .    .
>
> (2) "sexually explicit conduct" means actual or simulated—
>
> (A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> (B) bestiality;
>
> (C) masturbation;
>
> (D) sadistic or masochistic; abuse; or
>
> (E) lascivious exhibition of the genitals or pubic area of any person;

The photographs at issue here do not meet the definitions contained in subsections (A), (B), (C), or (D). These photographs depict "sexually explicit conduct" only if they contain a "lascivious exhibition of the genitals or pubic area" under subsection (E).

In 1984, Congress amended the existing law by enacting the Child Protection Act of 1984, Pub.L. No. 98–292, 98 Stat. 206. This amendment created substantive changes in the law which are not relevant here.[1] However, the amendment made two changes in the definition of "sexually explicit conduct," one of which is relevant

---

1. The 1984 amendment eliminated the requirement that the transportation of the visual depiction be "for the purpose of sale or distribution for sale." Congress recognized that many of the persons distributing or transporting the prohibited material were doing so for their own personal pleasure, rather than for pecuniary profit.

The amendment removed printed material from the terms of the law. Only visual depictions of minors engaging in sexually explicit conduct are prohibited. *See New York v. Ferber,* 458 U.S. 747, 764–65, 102 S.Ct. 3348, 3358–59, 73 L.Ed.2d 1113 (1982) (descriptions or depictions of sexual conduct which do not involve photographic or other visual reproduction retain first amendment protection).

The obscenity requirement was eliminated from § 2252. Other changes imposed forfei-

tures of property for violations of the child pornography laws, 18 U.S.C. § 2253 (civil forfeiture) and 18 U.S.C. § 2254 (criminal forfeiture), and authorized wiretaps to assist in the enforcement of the laws. 18 U.S.C. § 2516(1)(C).

Last, the amendment raised the ceiling on the fines which can be imposed for violation. *See* 18 U.S.C. §§ 2251, 2252 (first time offender can be fined $100,000, up from $10,000; repeat offender can be fined $200,000, up from $15,000; and any organization can be fined $250,000).

Congress also made changes in the definitions of the terms used in §§ 2251 and 2252. "Minor" was redefined to include persons under the age of eighteen. Previously the definition of minor included only those under the age of sixteen. 18 U.S.C. § 2255(1).

here.[2] Congress substituted the term "lascivious" in place of "lewd" in subsection (E) of § 2255(2). The reason for this change was described as follows:

> [T]his amendment would replace the current law's prohibition of the "lewd exhibition of the genitals" with a prohibition against the "lascivious exhibition of the genitals." "Lewd" has in the past been equated with "obscene"; this change is thus intended to make it clear that an exhibition of a child's genitals does not have to meet the obscenity standard to be unlawful.

130 Cong.Rec. S3510, S3511 (daily ed. Mar. 30, 1984) (statement of Rep. Specter).

The 1984 amendments conformed federal law to the Supreme Court's holding in *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). In interpreting a New York law, the Supreme Court affirmed that child pornography is outside the protection of the first amendment, regardless of whether it is obscene under the standard enunciated in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). *Ferber*, 458 U.S. at 763, 102 S.Ct. at 3357–58. The purpose behind enactment of the various protective laws known commonly as the "kiddie porn" laws is to protect children from the harmful effects of this type of sexual exploitation:

> A 12-year-old child photographed while masturbating surely suffers the same psychological harm whether the community labels the photograph "edifying" or "tasteless." The audience's appreciation of the depiction is simply irrelevant to [the state's] asserted interest in protecting children from psychological, emotional, and mental harm.

*Ferber*, 458 U.S. at 774–75, 102 S.Ct. at 3364 (O'Connor, J., concurring).

Congress' intent, as evidenced by the change in the subsection (E) terminology and other changes, was to broaden the scope of the existing "kiddie porn" laws.[3] Congress believed that the term "lewd" used in subsection (E) was too restrictive since it had been closely associated with the more stringent standard of obscenity.[4]

Only one case has interpreted the language of subsection (E) and this interpretation occurred before Congress changed the definition in 1984. In *United States v. Nemuras*, 567 F.Supp. 87 (D.Md.1983), *aff'd*, 740 F.2d 286 (4th Cir.1984), the court had to determine whether certain photographs constituted a "lewd exhibition of the genitals." Judge Miller stated that "lewd" had a "generally well recognized meaning, connoting sexual suggestiveness." *Nemuras*, 567 F.Supp. at 89. Although recognizing that words alone could not describe all the nuances of that which constitutes lewdness, *id.* at 90, Judge Miller concluded that

> examples of sexually suggestive or lewd photographs of children would be those in which the child is depicted as half or partially clothed, posed in such a way as to depict or suggest a willingness to engage in sexual activity or a sexually coy attitude.

*Id.* at 89.

■ Although this Court agrees with Judge Miller's observations, his description

---

2. Congress amended the definition of "sexually explicit conduct" as it relates to sado-masochism. The previous law had prohibited depictions of "sado-masochistic abuse (for the purpose of sexual stimulation)." The amended law prohibits visual depictions of sadistic or masochistic abuse. The requirement that the depiction be for purposes of sexual stimulation was eliminated. 18 U.S.C. § 2255(2)(D).

3. For a review of the legislative history of The Child Protection Act of 1984, see H.R.Rep. No. 536, 98th Cong., 1st Sess. 3 (1983), reprinted in 1984 U.S.Code Cong. & Ad.News 492.

4. 130 Cong.Rec. S3510, S3511 (daily ed. Mar. 30, 1984) (statement of Rep Specter). In spite of Congress' perceived significance in the change in terms, "lewd" and "lascivious" have frequently been used interchangeably. "Lascivious" has been defined to mean "wanton, *lewd,* lustful, licentious, lecherous, libidinous, and salacious" and "lewd" has been defined to mean "licentious, lecherous, dissolute, sensual, debauched, impure, obscene, salacious, and pornographic." *Schwartzmiller v. Gardner,* 567 F.Supp. 1371, 1374 (D.Idaho 1983), citing *State v. Evans,* 73 Idaho 50, 56, 245 P.2d 788, 791 (1952) (emphasis added).

of "lewdness" in the context of visual depictions of children does not go far enough. Although this Court would not presume to create a comprehensive definition of either lewdness or lasciviousness, a definition with which legal scholars have struggled for years,[5] the Court feels that the "lascivious exhibition" determination must be made on a case-by-case basis using general principles as guides for analysis.

■ Because of the sexual innocence of children, that which constitutes a "lascivious exhibition" of a child's genitals will be different from that of a "lascivious or lewd exhibition" of an adult's genitals.[6] For example, Judge Miller in Nemuras referred to the sexual coyness of the visual depiction. A child of very tender years, because of his innocence in matters sexual, would presumably be incapable of exuding sexual coyness. Sexual coyness is an expression outside the young child's range of experience.

■ Instead this Court feels that, in determining whether a visual depiction of a minor constitutes a "lascivious exhibition of the genitals or pubic area" under § 2255(2)(E), the trier of fact should look to the following factors, among any others that may be relevant in the particular case:

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

Of course, a visual depiction need not involve all of these factors to be a "lascivious exhibition of the genitals or pubic area." The determination will have to be made based on the overall content of the visual depiction, taking into account the age of the minor.

For example, consider a photograph depicting a young girl reclining or sitting on a bed, with a portion of her genitals exposed. Whether this visual depiction contains a "lascivious exhibition of the genitals" will depend on other aspects of the photograph. If, for example, she is dressed in a sexually seductive manner, with her open legs in the foreground, the photograph would most likely constitute a lascivious exhibition of the genitals. The combined effect of the setting, attire, pose, and emphasis on the genitals is designed to elicit a sexual response in the viewer, albeit perhaps not the "average viewer", but perhaps in the pedophile viewer. On the other hand, if the girl is wearing clothing appropriate for her age and is sitting in an ordinary way for her age, the visual depiction may not constitute a "lascivious exhibition" of the genitals, despite the fact that the genitals are visible.

■ In determining whether the photographs at issue here contain lascivious exhibitions of the genitals, the Court acknowledges that Congress intended that the standard be lower than that for obscenity, in line with the Ferber holding.

5. In the obscenity context, the Supreme Court has recognized that its members have experienced "considerable vacillation over the proper definition of obscenity." New York v. Ferber, 458 U.S. 747, 754, 102 S.Ct. 3348, 3353, 73 L.Ed.2d 1113 (1982). E.g., Schauer, The Return of Variable Obscenity: The Developing Constitutional Standards, 28 Hastings L.J. 1275 (1977); Lockhart & McClure, Censorship of Obscenity: The Developing Constitutional Standards, 45 Minn.L.Rev. 5 (1960).

6. Cf. Ginsberg v. New York, 390 U.S. 629, 636, 88 S.Ct. 1274, 1278–79, 20 L.Ed.2d 195 (1968) (concept of obscenity may vary according to the group to whom the questionable material is directed or from whom it is quarantined) (quoting Bookcase, Inc. v. Broderick, 18 N.Y.2d 71, 75, 271 N.Y.S.2d 947, 218 N.E.2d 668, appeal dismissed sub nom., Bookcase, Inc. v. Leary, 385 U.S. 12, 87 S.Ct. 81, 17 L.Ed.2d 11 (1966).

The photographs of the 14-year-old girl (Government's Exhibits 2a–10a, 12a–23a) depict her totally nude posed in a variety of positions. Most pictures are of her reclining on some draped material, resembling a bed, with her genitals and breasts fully exposed. In most of the pictures, her legs are open and her arms are raised behind her head. In the majority of the pictures, her pubic area is in the foreground so as to be the prominent focal point of the photograph.

The single photograph of the 10-year-old child (Government's Exhibit 11a) portrays the child sitting on the beach, looking off to her right. She is leaning back, supporting her weight on her arms, hands resting on the sand. She is totally nude, and has some body painting on her chest. Her pelvic area appears to be slightly raised or hyperextended, and her legs are spread apart. Her right leg is fully extended at a slight outward angle. Her left leg is bent at the knee and extended almost perpendicularly away from the body. Her pubic area is completely exposed, not obscured by any shadow or body part.

■ Applying the factors articulated earlier, the Court finds that each and every one of these photographs depicts a "lascivious exhibition of the genitals or pubic area" under 18 U.S.C. § 2255(2)(E). The pictures of the 14-year-old definitely suggest a willingness to engage in sexual activity. In some of the photographs the subject has a sexually coy attitude, staring directly at the camera with her head slightly bent to the side. The focal point of the photographs are the girl's well-developed genitalia; indeed, some of the poses border on the acrobatic in order to obtain an unusual perspective on her genitalia. Some of the pictures depict her fully extended in a supine position. Other pictures are of the subject in a sitting position with her legs wide apart. All of these poses would have to be characterized as sexual poses, not the way a child or adult ordinarily sits or reclines.

■ The visual depiction of the 10-year-old nude girl on the beach is, admittedly, not as graphic as those of the 14-year-old girl. The focal point of the photograph is the girl's genital area due to the unusual positioning of her legs. The girl's expression is not sexually coy, since she is squinting and looking away from the camera. As for the suggestion of a willingness to engage in sexual activity, her open legs do imply such a willingness but nothing else about the child's attitude does.

What strikes the Court most strongly, however, is the unusual pose of this girl. The average 10-year-old child sitting on the beach, especially when unclothed, does not sit with her legs positioned in such a manner. This unusual pose is one that an ordinary child would not normally assume but for adult coaching (as was the case here). This unnatural pose combined with the picture's emphasis on the girl's genitalia leads the Court to conclude that it too constitutes a "lascivious exhibition of the genitals."

The Court finds that all of the photographs (Government's Exhibits 2a–23a) of both the 14-year-old girl and the 10-year-old girl depict sexually explicit conduct in that they contain a "lascivious exhibition of the genitals or pubic areas" of the girls.

Accordingly, the Court finds the defendants Dost and Wiegand GUILTY on all counts of the indictment.