United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40042
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN THOMAS HILL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(4:04-CR-57-ALL)
--------------------

Before JONES, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Brian Thomas Hill appeals his jury-trial conviction for possessing one or more visual images depicting minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4).

Hill challenges the sufficiency of the evidence to support his conviction. We view all evidence and all reasonable inferences drawn from it in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Smith, 296 F.3d 344, 346 (5th Cir. 2002). Hill contends that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that the images depicted "sexually explicit conduct." For the purpose of 18 U.S.C. § 2252, 18 U.S.C. § 2256(A)(4)(v) defines "sexually explicit conduct" as, inter alia, "lascivious exhibition of the genitals or pubic area of any person." We have applied the six-factor test from United States v. Dost, 636 F. Supp. 828 (S.D. Cal. 1986), aff'd, 813 F.2d 1231 (9th Cir. 1987), to determine whether the images in Government exhibits 18, 21a, 21e, and 21f constitute such lascivious exhibitions. As these images indisputably meet most if not all of the Dost factors, a rational juror could have found beyond a reasonable doubt that the images depicted sexually explicit conduct.

Hill also asserts that 18 U.S.C. § 2256(2)(A)(v) is unconstitutional as applied to him because the term "lascivious" is too vague. We review the constitutionality of a federal statute de novo. United States v. Rasco, 123 F.3d 222, 226 (5th Cir. 1977). To show that 18 U.S.C. § 2256(2)(A)(v) is unconstitutionally vague, Hill "must show that he could not have reasonably understood that his conduct was prohibited by the statute." United States v. Wicker, 933 F.2d 284, 288 (5th Cir. 1991)(citation omitted). As Hill concedes, the Supreme Court held in United States v. X-Citement Video, 513 U.S. 64, 78-79 (1994), the Supreme Court held that the use of the term "lascivious" to define prohibited material is constitutional on its face. "Lascivious" is defined as tending

2

to excite lust; lewd; indecent; obscene; sexual impurity; tending to deprave the morals in respect to sexual relations; licentious. Grimes, 244 F.3d at 381 (citing BLACKS LAW DICTIONARY 882 (6th ed. 1990)). As used in the child pornography statute, the ordinary meaning of "lascivious exhibition" of the genitals or pubic area "means a depiction which displays or brings forth to view the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." Id.

When the images (such as those discussed above) and Hill's testimony that he obtained these images because of his interest in child pornography are viewed together with the "commonsensical" meaning of "lascivious," Hill, or anyone in these circumstances, could reasonably understand that the images contained lascivious exhibitions of the minors' genitalia or pubic areas. Under the facts of this case, the statute is not unconstitutionally vague as applied.

AFFIRMED.