In the Matter of the SEARCH OF 10 CYR CIRCLE, ANDOVER, MASSACHUSETTS 01810, etc.

Criminal No. 2012–10377–FDS.
No. 2013–MJ–1001–RBC.

United States District Court,
D. Massachusetts.

Jan. 4, 2013.

Stacy D. Belf, United States Attorney's Office, Boston, MA, for Plaintiff.

### MEMORANDUM AND FINDINGS SUPPORTING ISSUANCE OF SEARCH WARRANT FOR 10 CYR CIRCLE, ANDOVER, MASSACHUSETTS

COLLINGS, United States Magistrate Judge.

On January 2, 2013, the United States Attorney presented the undersigned with the Application for a Search Warrant ("the Application") on the home of Richard Keller who is a defendant in the case of *United States v. Keller*, Cr. No.2012–10377–FDS.[1] On January 3, 2012, the Court issued the warrant. However, because of the rather unique set of facts which formed the basis of the showing of probable cause, the Court issues the within Memorandum and Findings, Etc.

A prior search of the residence in September, 2012 resulted in the seizure, *inter alia*, of two videotapes. They are described in the Application at paragraphs 29 and 30. Basically, the videos depict nude children and adults on the beach area and at a pool at a resort in Europe[2] engaging in the type of leisure activities which are commonplace at beaches and pools throughout the world, such as swimming, diving, digging in the sand and building castles, sunbathing, etc.; the only difference is that the great majority of those depicted are not wearing any bathing suits or any type of clothing or cover. It is quite clear that the videos were shot without those portrayed in them knowing that they were being filmed. With respect to the children, the applicant avers that some of the images depict minors engaged in "sexually explicit conduct" as defined in 18 U.S.C. § 2256(2).

I have personally viewed the videotapes described in paragraphs 29 and 30. There are clearly minors, as defined in 18 U.S.C. § 2256(1), depicted in the videos. However, there are no depictions of "sexual intercourse" (18 U.S.C. § 2256(2)(A)(i)), "bestiality" (18 U.S.C. § 2256(2)(A)(ii)), "masturbation" (18 U.S.C. § 2256(2)(A)(iii)), or "sadistic or masochis-

---

1. The case is assigned to Judge Boal. The Application was presented to me on January 2, 2013 as Emergency Magistrate Judge since Judge Boal was unavailable on January 2nd.

2. According to the Application (para. 30), one of the videos is labeled "Cap D'Agde", a location in southeastern France, which, according to its Tourist Office website, "is one of the top naturist destinations in the Mediterranean basin".

tic abuse" (18 U.S.C. § 2256(2)(A)(iv)). The only possible basis on which the images could be considered "child pornography" is if the images can be said to depict "lascivious exhibition of the genitals or pubic area of any person" (18 U.S.C. § 2256(2)(A)(v)).

Although the vast majority of the images depict children's genitals, they are not a "lascivious" depiction. They depict no more than children frolicking naked on the beach and around the pool. The children are in what might be called a public area; none of the pictures were taken of children in any area which would be considered private, such as a locker room or bathroom. Further, although the point is debatable, the Court does not deem the sequences described in the indented portions of paragraphs 29 and 30 to be "lascivious" depiction of the children's genitals, despite the fact that the camera operator occasionally zooms in on the genitals briefly.[3]

However, there is an extended period on the VHS tape marked Q–30–3 which in the Court's view clearly depicts a "lascivious exhibition" of a child's genitalia. The male child, most likely under eighteen years of age, is reclining on his back in the sun tanning himself. He is totally nude except that at times he places a towel over his head to shade it from the sun. At one point he is applying what appears to be suntan lotion to his body. The camera recording the child is at ground level pointed at the child's genital area. The sequence is extended,[4] and the camera continually zooms in on the child's genitals such that, at times, the whole camera frame is taken up with the genitals. Applying the test set forth in *United States v. Dost,* 636 F.Supp. 828, 832 (S.D.Cal., 1986), *aff'd sub nom. United States v. Wiegand,* 812 F.2d 1239 (9 Cir., 1987), the Court finds that the "focal point" of the videotape "is on the child's genitalia", the child is "fully ... nude", and the "video depiction is intended [and] designed to elicit a sexual response in the viewer." *Id.* In sum, the Court finds that this portion of the videotape depicts a "lascivious exhibition of the [child's] genitals", and is, therefore, "child pornography" as defined in 18 U.S.C. § 2256(8)(A).

Accordingly, the Court granted the Application for Search Warrant.

---

**3.** The only determination the Court must make in deciding whether or not to issue the search warrant is whether the videotapes contain images which meet the legal definition of "child pornography" as set forth in 18 U.S.C. § 2256(8)(A). In deciding this issue, the Court should not be seen in any way as condoning the surreptitious filming of nude children in any circumstances, even if the resulting photographs do not meet the legal definition of "child pornography".

**4.** Although the Court did not time the sequence, it was certainly for more than ten minutes, and if called upon for a "best estimate", the Court would say that sequence lasted twenty minutes.