**UNITED STATES of America,
Plaintiff,**

v.

**Jose Hector GUIVAS–SOTO,
Defendant.**

**Criminal No. 14–080 (FAB).**

United States District Court,
D. Puerto Rico.

Signed Aug. 21, 2014.

Marshal D. Morgan, United States Attorneys Office, San Juan, PR, for Plaintiff.

Yasmin A. Irizarry, Hector E. Guzman–Silva, Federal Public Defender's Office, Hato Rey, PR, for Defendant.

**ORDER**

FRANCISCO A. BESOSA, District Judge.

On January 30, 2014, a grand jury indicted defendant Jose Hector Guivas–Soto with (1) transporting a minor with intent to engage in prostitution and criminal sexual activity, in violation of 18 U.S.C. § 2423(a), and (2) sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a) and (b)(2). (Docket No. 15.)

Defendant Guivas–Soto has filed a motion to compel production of discovery (Docket No. 31.) At a pretrial conference on August 20, 2014, the parties discussed the discovery requested by defense counsel. (Docket No. 36.) Among the items defendant requests are "[a] copy of the

surveillance videos of Lips [strip club] which were seized by the Government...." *Id.* at p. 3, ¶ IIF.[1] Defendant's position is "that there is no pornography in the surveillance videos" and "request[s] an in chambers inspection for the Court to make it's [sic] own determination." *Id.*

Because the government alleged that certain video clips in its possession contain images the distribution of which is limited by 18 U.S.C. § 3509(m), the Court agreed to meet with the FBI case agent in chambers to review the clips. Having reviewed the discovery material *in camera,* the Court finds that video clip numbers 60, 61, 62, 69, 72, and 74 depict child pornography, and that the government is excused from providing defense counsel with duplicate copies of those clips.

In a criminal proceeding, a court shall deny a defendant's request "to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title [18 U.S.C. § 2256]), so long as the Government makes the property or material reasonably available to the defendant." 18 U.S.C. § 3509(m)(2)(A). As defined by statute, "child pornography" means:

> any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit

conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. § 2256(8). Any person under the age of eighteen is a "minor," 18 U.S.C. § 2256(1), and "sexually explicit conduct" encompasses:

> actual or simulated—
>
> (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> (ii) bestiality;
>
> (iii) masturbation;
>
> (iv) sadistic or masochistic abuse; or
>
> (v) lascivious exhibition of the genitals or pubic area of any person.

18 U.S.C. § 2256(2)(A).

Video clip numbers 60, 61, 62, 69, 72, and 74 in the government's possession all depict victim O.M.V., a fifteen-year-old female, engaging in sexually explicit conduct at the LIPS strip club in Hato Rey, Puerto Rico on or about January 5–6, 2014. In the videos, O.M.V. gives sexually suggestive lap dances to a paying male client in a "back room" of the strip club. Wearing a see-through mesh top and perhaps only clear or light-colored thong underwear, O.M.V. opens her legs to straddle the client—at first facing him and later facing away from him. O.M.V. and the client engage in "dry humping"—simulated sexual intercourse with clothes on—throughout the videos. While O.M.V. straddles the client and grinds on his pubic area, the client is seen grabbing O.M.V.'s bare buttocks and thrusting back against her. At one point the client kisses O.M.V. on the mouth and neck and pulls down her mesh

---

**1.** The government agreed to provide defense counsel with the requests in paragraphs IIA–E.

top to fondle her breasts. On several occasions, the client also inserts his fingers into O.M.V.'s vagina while she grinds against him. The Court thus easily finds that the conduct depicted in the videos is sexually explicit conduct pursuant to two categories under 18 U.S.C. § 2256: simulated sexual intercourse and lascivious exhibition of the genitals or pubic area.[2] Because it is a visual depiction of sexually explicit conduct, where the production involves the use of a minor engaging in sexually explicit conduct, it also constitutes child pornography pursuant to 18 U.S.C. § 2256(8). The government, therefore, is entitled not to reproduce the video clips for defense counsel, provided that it makes the material reasonably available to the defendant.

**IT IS SO ORDERED.**

**2.** Courts consider several factors in determining whether behavior constitutes a "lascivious exhibition of the genitals or pubic area." *See United States v. Dost,* 636 F.Supp. 828, 832 (S.D.Cal.1986) (listing six factors and noting that "a visual depiction need not involve all of these factors" to pass the test). The videos described above constitute a "lascivious exhibition of the genitals or pubic area" because: (1) the "setting of the visual depiction is sexually suggestive," in that it occurs in a private "back room" of a strip club—a place generally associated with sexual activity; (2) the minor "is depicted in an unnatural pose"—straddling and grinding upon a client's crotch—(3) in "inappropriate" and sexually provocative attire; and (4) "the visual depiction suggests sexual coyness [and] a willingness to engage in sexual activity." *Id.*