# United States Court of Appeals
## For the First Circuit

No. 15-1191

MARK SULLIVAN,

Petitioner, Appellant,

v.

RAYMOND MARCHILLI,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Leo T. Sorokin, U.S. District Judge]

Before

Barron, Circuit Judge,
Souter, Associate Justice,*
and Selya, Circuit Judge.

Janet H. Pumphrey for appellant.
Ryan E. Ferch, Assistant Attorney General, with whom Maura
Healey, Attorney General of Massachusetts, was on brief, for
appellee.

June 30, 2016

---

* Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**SOUTER**, **Associate Justice**.  This appeal is from denial of relief on petition for writ of habeas corpus, brought by a state prisoner convicted of possessing child pornography as a repeat offender.  He raises issues of First Amendment infringement, unreasonable fact finding, and insufficient evidence.  We find no error and affirm.

It is undisputed that Mark Sullivan used a public library computer to view and print an image obtained from a Russian site for sharing photographs.  The subject is a naked girl around twelve years old kneeling on beach sand.  Sullivan was convicted under a Massachusetts statute that prohibits the knowing possession of

> a . . . photograph . . . of any child whom the person knows or reasonably should know to be under the age of 18 years of age and such child is . . . depicted or portrayed in any pose, posture or setting involving a lewd exhibition of the unclothed genitals, pubic area, buttocks or, if such person is female, a fully or partially developed breast of the child with knowledge of the nature or content thereof.

Mass. Gen. Laws ch. 272, § 29C(vii).  The Massachusetts Appeals Court (MAC) affirmed, with a dissent, Commonwealth v. Sullivan, 972 N.E.2d 476 (Mass. 2012), and the Supreme Judicial Court denied an application for leave to obtain further appellate review (ALOFAR).  Sullivan then filed this petition for federal habeas relief under 28 U.S.C. § 2254, the district court's denial of which

- 2 -

we review de novo.  Powell v. Tompkins, 783 F.3d 332, 336 (1st Cir. 2015).

We deal first with the claim that possession falls within the protection of the First Amendment when the photograph depicts a merely nude minor but is not an expression of lewdness.  At the threshold, however, the parties dispute at some length whether litigation of this federal constitutional claim was, as required for relief, exhausted in the state courts through presentation to the Supreme Judicial Court in the ALOFAR.  See 28 U.S.C. § 2254(b)(1)(A); Fusi v. O'Brien, 621 F.3d 1, 5 (1st Cir. 2010). The district court found the exhaustion requirement satisfied despite the ALOFAR's failure to lead off with an express claim of First Amendment violation.  There was no question that the MAC discussion referred to the federal claim, and the ALOFAR quoted from the dissent there in referring to the "First Amendment . . . concern[]" raised by the case.  While we mean to cast no doubt on the trial court's conclusion, we see no balance of utility in resolving the issue, given the choice provided by 28 U.S.C. § 2254(b)(2) to deny on the merits regardless of exhaustion, an option that the district court itself alternatively invoked.

As for the merits of the First Amendment claim, we start with the MAC's independent evaluation of the photograph, the sole evidence going to the issue of "lewd exhibition."  See Commonwealth v. Bean, 761 N.E.2d 501, 507 (2002); see also Bose Corp. v.

Consumers Union of U.S., Inc., 466 U.S. 485, 505 (1984).  Since the state statute did not define that term, the court applied the multi-factor Dost test, set out in the federal case of United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), aff'd sub nom. United States v. Wiegand, 812 F.2d 1239 (9th Cir. 1987), and aff'd, 813 F.2d 1231 (9th Cir. 1987): focal point, suggestive setting, pose and clothing, exposure of body, sexual suggestiveness, design to elicit sexual response.  The court characterized the photo as ostensibly meant to provoke a sexual response, focusing on the totally nude subject's pubic area and breasts, as evaluated in light of the background understanding that girls of her age would not normally go unclothed at the beach. It added that it found no countervailing artistic or cultural value apparent, and concluded that the picture fell afoul of the prohibition.

For habeas relief from this conclusion, Sullivan must show that the state adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2).  These limitations on our review are dispositive, given the federal law to be applied and the evidentiary basis for the facts found.

- 4 -

To start with the legal standards, the touchstone of clearly established federal law on possession of child pornography, as declared by the Supreme Court, implicates two cases. The earlier one, New York v. Ferber, 458 U.S. 747 (1982), affirmed prior law that depicting actual nudity "without more" is protected, id. at 765 n.18, but that producing portrayals of "lewd exhibition[s] of the genitals" is not, id. at 765. Osborne v. Ohio, 495 U.S. 103 (1990), acknowledged possible protection under the "mere nudity" rule for those possessing such depictions, id. at 112, but held that there was nothing facially invalid in prohibiting possession, by someone other than a child's parent or guardian, of "material . . . of a minor who is in a state of nudity, where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals," id. at 113. The Court added that "[t]he crucial question is whether the depiction is lewd, not whether the depiction happens to focus on the genitals or the buttocks," id. at 114 n.11, and it suggested that "lewd" may properly be understood as "obnoxiously debasing portrayals of sex . . . [or, put differently,] indecent material which taken as a whole appeals to prurient interest," id. at 119-20 (internal quotation marks omitted) (quoting Manual Enterprises, Inc. v. Day, 370 U.S. 478, 483-84 (1962)).

The Supreme Court has held nothing on the subject subsequently. That being so, the MAC did not decide contrary to

relevant federal law in upholding the state statute prohibiting a nonrelated person from possessing a photograph of a minor depicting a "lewd exhibition of the unclothed genitals, pubic area, buttocks or, if such person is female, a fully or partially developed breast of a child." Mass. Gen. Laws ch. 272, § 29C(vii). Nor was there anything contrary to clear federal standards or apparently unreasonable in identifying what is "obnoxiously debasing" by reference to the Dost factors set out above.

Finally, we see no violation of reasonable limits in the fact-finding by the MAC from the evidence before it pointing to its conclusion that the photograph showed a lewd exhibition. The court described the subject matter in these words:

> The photograph in the instant case is of a naked adolescent girl sitting on her knees on a beach with her legs separated, but not spread, and her pubic area partially visible. The focal point of the photograph is her developing breasts and, to a lesser extent, her pubic area. Her developing left breast and nipple are prominently displayed. The tilt of her head, the shadow line it creates, the angle of her glasses and ponytail, and her right arm align with her right nipple, drawing the viewer's attention to it. Her left hand is pointed down and over, but not touching, her pubic area, placing half of her pubic area in shadow. Her hand position draws the viewer's attention to her pubic area. The girl is staring downward. She is not smiling, nor is she otherwise engaging with the photographer. Someone who knows the girl would be readily able to identify her from the photograph. She does not appear to be posed.

Sullivan, 972 N.E.2d at 483.

- 6 -

Our own examination of the picture confirms that the description is not inaccurate in stating that the focal point of the depiction of the indisputably nude adolescent is "the girl's genitalia, pubic area, or breasts." Id. at 485. We can say, again on the basis of our own look at the photograph, that although the pubic area is partially obscured, the sight of the girl's developing breasts dominates the scene, in which no other visual element is likely to be noticed, let alone gain a viewer's attention.[1] Because there is nothing in the record at odds with our common experience that girls of her age and degree of physical maturity are virtually never seen naked at a beach, and because parents are not known to make records like this for the family album, one is at a loss to imagine why such a photograph would be taken except to exploit the adolescent sexuality, or why it would be kept by anyone not engaged in pediatrics or law enforcement except to stimulate and gratify a sexual attraction to minors. It is true of course that an artist might use the picture to copy, but that possibility alone counts for little since it would be equally true of a photograph that would qualify as obscene under First Amendment doctrine. In sum, the MAC did not act contrary to or unreasonably apply any clear law as declared by the Supreme

---

[1] The only thing shown in addition to the girl and beach sand is a flip-flop sandal lying nearby. If this is thought to have any significance at all, it does not help the petitioner.

Court, or apply it to facts and factual inferences not reasonably supported by the evidence.

Just as this appeal began with a dispute over exhaustion of state remedies, it ends with disagreement on whether the coverage by the certificate of appealability the district court granted Sullivan extends to a due process claim that the evidence was insufficient to support the verdict: that is, that the evidence was inadequate to support a finding beyond a reasonable doubt of every element of the offense, as required by Jackson v. Virginia, 443 U.S. 307 (1979), and In re Winship, 397 U.S. 358 (1970). This latter controversy, however, like the former one, may be sidestepped as inconsequential. Sullivan's brief repeatedly notes, correctly, that the issue of evidentiary sufficiency he seeks to raise is "inextricably intertwined" with his claim, just discussed, that the evidence supported a finding of possessing an image of mere nudity protected by First Amendment privilege, but not of possessing one that could be classified as lewd without running afoul of clear federal law. The insufficiency claim here seems to amalgamate the argument that, if First Amendment standards had been followed, the evidence would not have supported a conviction, in addition to an argument that the evidence does not support a conviction even under the Dost factor analysis. But what we have said about the touchstone Supreme Court law and the

MAC fact-finding pretermits further consideration of either sort of sufficiency claim.

AFFIRMED.