19-2173-cr
United States v. Wilbert

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of August, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DENNY CHIN,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

             v.                                             19-2173-cr

SCOTT T. WILBERT,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:    Arza Feldman, Feldman & Feldman, Manhasset, NY.

Appearing for Appellee:     Tiffany H. Lee, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Defendant-Appellant Scott T. Wilbert appeals from the July 8, 2019 judgment of conviction of the United States District Court of the Western District of New York (Larimer, *J.*) following Wilbert's guilty plea to receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Wilbert's plea agreement reserved his right to appeal the district court's denial of his motion to suppress evidence gathered pursuant to a search warrant executed on his residence, as well as for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) to scrutinize purported misstatements made in Police Investigator David Cerretto's affidavit (the "Cerretto Affidavit") in support of the search warrant. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"On appeal from a district court's ruling on a motion to suppress, we review the court's factual findings for clear error," *United States v. Raymonda*, 780 F.3d 105, 113 (2d Cir. 2015), and view the evidence in the light most favorable to the government, *United States v. Rosa*, 626 F.3d 56, 61 (2d Cir. 2010). "We review the court's legal determinations, including the existence of probable cause and the good faith of officers relying on a search warrant, de novo." *Raymonda*, 780 F.3d at 113.

Wilbert contends on appeal that the district court erred in denying his suppression motion, primarily arguing that (1) the New York State Police violated his Fourth Amendment rights by conducting a warrantless review of an image ("Image a9e7") that had not already been reviewed by the private company, Omegle, whose peer-to-peer chat service was used to distribute the illicit images; (2) Wilbert's use of Omegle did not deprive him of a reasonable expectation of privacy in the images at issue; (3) the illicit image ("Image c6d0") that provided a basis for the warrant did not constitute child pornography, so the warrant lacked probable cause; and (4) the warrant authorizing the search of his residence was overbroad and stale. We assume without deciding that Wilbert retained a reasonable expectation of privacy in the images at issue.

For substantially the reasons set out in the district court's opinions, we conclude that Wilbert's arguments on appeal are without merit. First, as the government appears to concede, by reviewing both Image a9e7 and Image c6d0 despite the fact that Omegle likely had reviewed only Image c6d0 and the government lacked a warrant to review the other, the government "expand[ed] the scope of an ongoing private search" without "an independent right to do so." *United States v. Knoll*, 16 F.3d 1313, 1320 (2d Cir. 1994). Because Omegle—a private company—had reviewed Image c6d0, however, no warrant was required for the government to review it. *See id.*

The government's warrantless review of Image a9e7 does not mandate suppression, however, because Image c6d0 was sufficient on its own to establish probable cause. Wilbert contends that Image c6d0 was insufficient to establish probable cause because it did not constitute child pornography under the applicable statutory definitions. *See* 18 U.S.C. §§ 2256(8) (defining child pornography as a "visual depiction" that "involves the use of a minor engaging in sexually explicit conduct"), 2256(2) (defining "sexually explicit conduct"). Wilbert relies primarily on the leading case *United States v. Dost*, 636 F. Supp. 828, 831-32 (S.D. Cal. 1986), which articulated a number of factors to determine if an image contained a "lascivious exhibition" that would constitute "sexually explicit conduct." *See United States v. Rivera*, 546 F.3d 245, 249 (2d Cir. 2008). Wilbert's argument as to what Image c6d0 depicts is unconvincing,

2

however. At a minimum, Image c6d0 arguably depicts a sexual interaction between a child and a dog, and it thus arguably constitutes child pornography for purposes of 18 U.S.C. § 2256(8) because it depicts "graphic or . . . simulated bestiality," 18 U.S.C. § 2256(2)(B)(ii).

We agree with the district court that the warrant was not stale or overbroad. The Fourth Amendment requires that a warrant describe the place to be searched with particularity. *See United States v. Galpin*, 720 F.3d 436, 445-46 (2d Cir. 2013). "It is long-established that it is enough if the description is such that the officer with a search warrant can, with reasonable effort[,] ascertain and identify the place intended." *United States v. Voustianiouk*, 685 F.3d 206, 211 (2d Cir. 2012) (internal quotation marks, brackets, and citation omitted). The warrant at issue here authorized the search of the premises at "634 Garson Avenue, Apartment Up, Rochester, New York 14609," and further specified that the search was "to include the upstairs apartment of 634 Garson Avenue, . . . and any out buildings, real property, vehicle(s), and curtilage utilized by [Wilbert] at the mentioned location." App'x at 23. This warrant was sufficiently particular to identify Wilbert's upstairs apartment as the premises to be searched, and it therefore was not overbroad.

As to Wilbert's staleness challenge, "we may conclude that a warrant lacks probable cause where the evidence supporting it is not sufficiently close in time to the issuance of the warrant that probable cause can be said to exist as of the time of the search—that is, where the facts supporting criminal activity have grown stale by the time that the warrant issues." *Raymonda*, 780 F.3d at 114 (internal quotation marks, emphasis, and citation omitted). The "[t]wo critical factors in determining whether facts supporting a search warrant are stale are the age of those facts and the nature of the conduct alleged to have violated the law." *United States v. Ortiz*, 143 F.3d 728, 732 (2d Cir. 1998) (internal quotation marks and citation omitted); *see also Raymonda*, 780 F.3d at 114-15 (identifying factors specific to the staleness inquiry in the child pornography context). In light of the indicia identified in the Cerretto Affidavit suggesting that Wilbert was a collector of child pornography—including a prior sex offense and a previous investigation for uploading child pornography—we conclude that the four-month period between when the images were uploaded and the warrant was issued did not render the warrant stale.

Wilbert also contends on appeal that the district court erred in rejecting his request for a *Franks* hearing. Though the standard of review applicable to a district court's denial of a motion for a *Franks* hearing is unsettled in this Circuit, *see United States v. Falso*, 544 F.3d 110, 126 n.21 (2d Cir. 2008), we conclude that even under de novo review, the district court correctly rejected Wilbert's request. The Fourth Amendment entitles a defendant to a *Franks* hearing only if the defendant "makes a substantial preliminary showing that a deliberate falsehood or statement made with reckless disregard for the truth was included in the warrant affidavit and the statement was necessary to the judge's finding of probable cause." *Id.* at 125 (internal quotation marks and citation omitted).

Wilbert points to two purported inaccuracies in the Cerretto Affidavit, including that it stated that the illicit image was uploaded at "approximately 02:30:21," Joint App'x at 31, rather than 2:36, and that the illicit image was of "a prepubescent female engaged in oral sex with a K9," *id.*, whereas Wilbert contends that the image did not depict an illicit sex act. There is, however, extensive evidence in the record that the description of the image in the Cerretto

Affidavit was substantially accurate or, at the very least, not recklessly false. And minor discrepancies such as a time stamp that is six minutes off fall far short of the substantial preliminary showing of deliberate or reckless falsity that a defendant must make before the Fourth Amendment requires a *Franks* hearing.

We have considered the remainder of Wilbert's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4