NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30059 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-05141-BHS-1 |
| v. | |
| DONNIE BARNES, SR., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted September 3, 2021
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and RAKOFF,[**] District Judge.

Donnie Barnes, Sr., appeals his jury-trial conviction for production, distribution, and possession of child pornography. We have jurisdiction under 28 U.S.C. §1291, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

1.     Barnes first contends that the district court erred by giving Jury Instruction 19 and declining to give his proposed theory-of-defense instruction. "District courts have wide discretion in crafting jury instructions," and we review de novo whether an instruction is supported by the law. *United States v. Renzi*, 769 F.3d 731, 755 (9th Cir. 2014).

Jury Instruction 19 incorporated the six factors enumerated in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), aff'd sub nom. *United States v. Weigand*, 812 F.2d 1239 (9th Cir. 1987) (the "*Dost* factors"), as guidance for interpreting the phrase "lascivious exhibition of the genitals or pubic area" in 18 U.S.C. § 2256(2)(A).  We have repeatedly looked to the *Dost* factors as a starting point for analyzing whether an image involves a "lascivious exhibition of the genitals or pubic area," and Jury Instruction 19 adequately conveyed that the factors are neither exhaustive nor conclusive.  *See, e.g.*, *United States v. Perkins*, 850 F.3d 1109, 1122 (9th Cir. 2017); *United States v. Overton*, 573 F.3d 679, 686–87 (9th Cir. 2009).   We also have recognized that consideration of the image from the photographer's perspective—the sixth *Dost* factor—is appropriate, particularly in a case, as here, involving a charge of production of child pornography.  *See Overton*, 573 F.3d at 688; *United States v. Arvin*, 900 F.2d 1385, 1389 (9th Cir. 1990) ("[T]he apparent motive of the photographer and intended response of the viewer are relevant.").

The district court also did not err by declining to give Barnes's proposed theory-of-defense instruction. "A judge need not include proposed instructions that are 'not necessary to explain to the jury the legal effect of the theory of the defense.'" *United States v. Kaplan*, 836 F.3d 1199, 1215 (9th Cir. 2016) (quoting *United States v. Lopez-Alvarez*, 970 F.2d 583, 597 (9th Cir. 1992)). The jury instructions specified the government's burden of proof and the elements of each offense. Under the circumstances, the district court reasonably concluded that the proposed instruction was unnecessary to explain the legal effect of Barnes's insufficiency of the evidence defense.

2.      Barnes next contends that the prosecutor engaged in improper vouching during closing and rebuttal argument by offering the government's view of the evidence and referring to the evidence as "compelling" and "overwhelming." To the extent Barnes did not object below to the specific statements he challenges on appeal, we review for plain error. *See United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990). Otherwise, we review for harmless error. *See United States v. Flores*, 802 F.3d 1028, 1034 (9th Cir. 2015).

Here, there was no reversible error. *See United States v. Williams*, 989 F.2d 1061, 1072 (9th Cir. 1993). The prosecutor's statements "functioned mainly as rhetorical emphasis for the inferences the prosecutor was urging the jury to draw rather than a meaningful personal assurance that the defendants were guilty." *Id.* at

1073.  The prosecutor emphasized that it was up to the jury alone to determine whether the images were sexually explicit and that neither the government's view nor the defense's view were helpful to that determination.  And the prosecutor's statements in rebuttal directly responded to defense counsel's argument that the government doubted whether the images were pornography.

3.     Finally, Barnes contends that the district court erred by denying his motion to suppress the fruits of the summons issued to Comcast Communications ("Comcast") and the search warrant executed on his home and person.   Again, the district court did not err by denying suppression.

Barnes argues that the fruits of the Comcast summons should have been suppressed because the Fourth Amendment required a warrant to obtain the subscriber information associated with the IP address at issue, and law enforcement instead obtained that information via a summons issued under 19 U.S.C. § 1509.  Even assuming that Barnes has standing to challenge the receipt of the subscriber information, which belonged to his girlfriend, Barnes has not demonstrated a Fourth Amendment violation.  In *United States v. Forrester*, 512 F.3d 510 (9th Cir. 2008), we held that internet users do not have a legitimate expectation of privacy in IP addresses because "they should know that this information is provided to and used by Internet service providers for the specific purpose of directing the routing of information."  *Id.* at 510 (citing *Smith v. Maryland*, 442 U.S. 735 (1979)).  We are

not persuaded by Barnes's argument that we may disregard *Forrester* in light of the Supreme Court's subsequent decision in *Carpenter v. United States*, 138 S. Ct. 2206 (2018). *Carpenter* emphasized that its holding was "narrow" and "did not disturb the application of *Smith*," which was the lynchpin of our decision in *Forrester*. *See Carpenter*, 138 S. Ct. at 2220; *see also Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (three-judge panel bound by prior circuit precedent unless it is "clearly irreconcilable" with intervening higher authority). We need not consider whether issuance of the Comcast summons was permitted under 19 U.S.C. § 1509 because, even assuming a statutory violation occurred, suppression would not be the appropriate remedy. *See, e.g.*, *Forrester*, 512 F.3d at 512.

The timing of the agents' execution of the search warrant for Barnes's home similarly does not require suppression of any evidence. In compliance with Federal Rule of Criminal Procedure 41, the issuing judge determined that good cause existed to allow execution of the warrant at any time of day. *See* Fed. R. Crim. P. 41(e)(2)(A)(ii). Barnes has not demonstrated any constitutional violation or circumstances that might warrant suppression. *See United States v. Stefanson*, 648 F.2d 1231, 1235 (9th Cir. 1981).

**AFFIRMED.**