NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2343
_____

UNITED STATES OF AMERICA

v.

SCOTT A. ANTHONY,
Appellant

_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(D.C. No. 1-15-cr-0028-001)
District Judge: Honorable David S. Cercone

_____

Submitted Under Third Circuit LAR 34.1(a)
November 10, 2022

Before: CHAGARES, *Chief Judge,* JORDAN, and SCIRICA, *Circuit Judges*

(Filed November 30, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Scott Anthony appeals his eight-count conviction for sexual exploitation of a minor, in violation of 18 U.S.C. §2251(a).  We will affirm.

## I.    BACKGROUND

In March 2012, Michele F. and her two teenage daughters, A.F. and G.F., moved into Anthony's home.  Anthony and Michele F. slept in the master bedroom located on the first floor of the home.  That bedroom contained two walk-in closets that were only accessible by first entering the master bathroom.  A.F. and G.F. each had their own rooms on the second floor and had access to a shared bathroom.

Two months after Michele F. and her daughters moved in, Anthony informed the girls that, due to a leak, they could no longer use the shower in the upstairs bathroom and instructed them to use the master bathroom.  Before the girls bathed, however, they should notify Michele F., who would in turn notify Anthony so that he could first retrieve anything that he needed from the bathroom.  He also insisted that the door to his walk-in closet remain open.

In May 2015, Anthony and Michele F. were preparing to sell Anthony's house.  Anthony was not at the home and Michele F. was tidying the walk-in closet to make it presentable to potential buyers when she discovered a hidden video camera wrapped in black athletic tape to cover its shiny surfaces.  Pressing the "play" button on the camera, Michele F. watched a video showing then-18-year-old A.F. undress and take a shower.

Unnerved, Michele F. telephoned her sister, who urged her to call the police.  Michele F. did so, and the police arrived shortly thereafter.  When Anthony arrived home,

the police handed him a search warrant. Anthony was initially reluctant to open a gun safe in his garage, but he ultimately relented when the police indicated that they would open it if he did not.

The gun safe contained two flash drives. From the flash drives and video camera, forensic police officers recovered 49 videos shot from the camera positioned inside Anthony's walk-in closet. In each video, the camera had been aimed at the bathroom mirror and captured either A.F. or G.F. fully nude. Of the 49 videos, at least eight were taken before the girls reached the age of 18: four were of A.F. when she was between 15 and 17-years old, and four were of G.F. when she was 14 or 15-years old.

Forensic officers also found two still photographs of G.F. on the flash drives taken when she was 14 years old. In one photo, G.F. is wearing stretch shorts from her cheerleader outfit. In the other, she is wearing a bathing suit. Anthony had taken the photos of G.F. without her knowledge, and he had focused the camera on her buttocks. The 49 videos and two photos were saved in folders called "Golf" or "Golf Swing."

A grand jury indicted Anthony on eight counts of sexual exploitation of a minor under 18 U.S.C. § 2251(a) – one count for each of the eight videos recorded while the girls were minors. At trial, the jury heard testimony from Michele F., A.F., G.F., and a police officer who investigated the crime. The jury also saw portions of the eight videos. Defense counsel did not cross-examine any of the government's witnesses and did not put on a defense.

Anthony timely moved for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, arguing that the videos showed only "basic hygienic

3

behavior" and not "sexually explicit conduct" within the meaning of § 2251(a), but the District Court ruled that a jury could find that the videos meet the § 2251(a) definition.

Following closing arguments, the jury convicted Anthony on all eight counts. Anthony timely filed this appeal.

## II. DISCUSSION[1]

Anthony does not challenge that he recorded the eight videos that are the basis for his conviction. His only argument on appeal is that the jury lacked sufficient evidence to convict him because "[a]ll of the video clips used to establish [his] guilt were depictions of hygienic behavior" and thus, his conduct was not proscribed by 18 U.S.C. § 2251(a). (Opening Br. at 21.) He is mistaken.

Congress defined "sexually explicit conduct" for the purposes of 18 U.S.C. § 2251(a) as "sexual intercourse[,]" "bestiality[,]" "masturbation[,]" "sadistic or masochistic abuse[,]" or a "lascivious exhibition of the anus, genitals, or pubic area of any person[.]" 18 U.S.C. § 2256(2)(A). At trial, the government argued that the videos are covered by the statute because they depicted a "lascivious exhibition of the genitals or

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review the sufficiency of the evidence underlying a conviction to see if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Our review is "highly deferential," and we take care "not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting [our] judgment for that of the jury." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 430 (3d Cir. 2013) (en banc) (internal quotation marks omitted) (alteration in original). Where the record may support "multiple possibilities," we draw all rational inferences in the prosecution's favor. *Id.* at 430-32.

4

pubic area" of A.F. and G.F.  (App. at 152.)  In determining whether a rational juror could find that a visual depiction involves a lascivious exhibition under the statutory definition specifically noted in § 2256(2)(A)(v), this Court considers six factors first articulated in *United States v. Dost*, 636 F. Supp. 828, 831-32 (S.D. Cal. 1986).  *United States v. Franz*, 772 F.3d 134, 156-57 (3d Cir. 2014) ("In determining whether a visual depiction involves 'lascivious exhibition of the genitals or pubic area,' we have adopted what have come to be called the *Dost* factors …."). The *Dost* factors are:

> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; 4) whether the child is fully or partially clothed, or nude; 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*United States v. Villard*, 885 F.2d 117, 122 (3d Cir. 1989).  Those factors, which are neither dispositive nor exhaustive, serve as a guide to assess the photographer's intended effect in producing the visual depiction.  *United States v. Larkin*, 629 F.3d 177, 182, 184 (3d Cir. 2010).

The videos meet the first, second, fourth, and sixth *Dost* factors.  The first factor is met because a rational juror could find that, given the camera's positioning and angle of the mirror, the "focal point" of the videos were the "child's genitalia or pubic area."  The second factor is met because a rational juror could find that a shower, especially one with a camera pointed at it, is a setting that can be associated with sexual activity.  *See Larkin*, 629 F.3d at 183 (noting that "showers and bathtubs are frequent hosts to fantasy sexual

5

encounters"). The fourth factor is clearly met because the videos depicted A.F. and G.F. entirely nude. And the sixth factor is met because, based on the content of the videos, Anthony's repeated production of them, and the steps he took to conceal the videos from his family members, a rational juror could find that he made the videos to "elicit a sexual response" in himself.

Only the third and fifth factors are absent here. The absence of those two factors, however, which respectively consider whether the "child is depicted in an unnatural pose, or in inappropriate attire" and "whether the visual depiction suggests sexual coyness," is unsurprising in a case like this in which a defendant secretly records or photographs a minor. *See United States v. Finley*, 726 F.3d 483, 495 (3d Cir. 2013) (holding "that a sleeping child can 'engage in' sexually explicit conduct within the context of § 2251(a)" because Congress intended to protect children when they are treated as the passive objects of sexually explicit conduct).

Thus, after considering the *Dost* factors, we hold that a rational juror could find that the videos constitute "lascivious exhibition[s]" under 18 U.S.C. § 2256(2)(A)(v).

## III. CONCLUSION

For the foregoing reasons, we will affirm Anthony's conviction.